Dear Mr. Hand:
This office is in receipt of your opinion request directed to Attorney General Richard P. Ieyoub. The request has been assigned to me for research and reply.
You present the following issue for our resolution:
 "May a police juror, who is an attorney, provide part-time legal services to the parish assessor's office on an hourly retainer basis?"
The Dual Officeholding and Dual Employment laws of this state, LSA-R.S. 42:61, et. seq., govern the legality of concurrent holding of certain positions. These prohibitions are specified in the language of LSA-R.S. 42:63(D), which provides, in pertinent part:
 "No person holding an elective office in a political subdivision of this state shall at the same time hold another elective office or full-time appointive office in the government of this state or in the government of a political subdivision thereof. No such person shall hold at the same time employment in the government of this state, or in the same political subdivision in which he holds an elective office. . . ." (Emphasis added).
The tax assessor's office is a political subdivision, as defined in LSA-R.S. 42:63(9). The office of police juror is a local elective office in the parish, a separate political subdivision. There is a prohibition against holding local elective office and employment in the same political subdivision, but there is no prohibition against holding local elective office, such as police juror, and holding employment in a separate political subdivision, such as the tax assessor's office.
Further, reference should be made to the definitional sections of LSA-R.S. 42:62 to determine whether the position as part-time legal counsel to the assessor is properly characterized as employment. "Employment" is defined as:
 ". . . any job compensated on a salary or per diem basis, other than an elective or appointive office, in which a person is an employee of the state government or of a political subdivision thereof." LSA-R.S. 42:62(3).
If the assessor's office is not engaging the police juror as an employee on a salary or per diem basis, and the relationship is one of contract rather than "employment" as defined in R.S. 42:62(3), then the provisions of the Dual Officeholding statute are not invoked. See Attorney General Opinion Numbers 92-845, 88-653, and 88-618, copies of which we enclose for your further review.
Again, there is no prohibition preventing the concurrent holding of local elective office and employment in a separate political subdivision. If the relationship is one of contract rather than employment as defined, then the Dual Officeholding and Dual Employment laws of the state are not invoked. For these reasons, this office is of the opinion that a police juror may provide part-time legal services to the parish assessor's office.
However, we do not issue an opinion regarding any possible ethical violations in this matter. This office defers to the State Ethics Commission on questions concerning the Code of Governmental Ethics, LSA-R.S. 42:1111, et. seq. We refer you directly to the State Ethics Commission, 7434 Perkins Road, Suite B, Baton Rouge, LA 70808 for an opinion in this regard.
We hope this interpretation of the law will be helpful to you. Should you have further inquiries, please contact this office.
Very truly yours,
 RICHARD P. IEYOUB Attorney General
 BY: KERRY L. KILPATRICK Assistant Attorney General
RPI/KLK/0216E